Staples, J.
This is an action-of assumpsit against the county of Carroll. It was instituted to recover the amount claimed to be due the plaintiff upon a contract for the erection of a jail. The defendant demurred to the declaration and to each count; but his demurrer was overruled. The question, therefore, first to be considered, is the sufficiency of the declaration. It is insisted the plaintiff should not only aver he had built a jail, but he ought to show how he had built it, the nature, qualities and dimensions of the building erected, that the court might determine whether it constituted such a jail as the law requires.
*307 The law does not prescribe any specific plan for county jails, but confides the whole subject to the wisdom and discretion of the county authorities. Whether a county can avoid its liability to a contractor who has fully complied with the terms of his contract, by showing that the building possesses none of the requisites of a countyjail, it is unnecessary now to decide. It is to be presumed that the court properly discharged the duty devolving upon it, and in the contract with the plaintff, contracted for a suitable building answering all the requirements and purposes of a public jail. It was, therefore, only necessary in this case, for the plaintiff to aver and prove the contract and its performance on his part, to entitle him to a recovery.
The second objection to the declaration is, that it states a contract for a county levy and the proceeds to be applied to plaintiff’s claim, but it is not averred that such levy was not made. It is true the declaration alleges that the County court agreed to provide for paying the plaintiff by two equal annual levies ; and that the sheriff was to be permitted to collect these levies, and make the payments by certain specified periods. But it would not follow, that the plaintiff had thereby released the county from its obligation to him, and consented to look solely to the sheriff" for the amount due him. On the contrary, it is expressly averred, that the defendant, in consideration that the plaintiff would build the jail according to the contract, promised to pay the several sums mentioned in the declaration. And it is further averred, that the defendant had wholly failed and refused to make such payments. The breach charged is co-extensive with the legal import of the contract; and that is always sufficient.
I think, however, the objection to the fourth count is well taken. It avers that the plaintiff" agreed to build a jail in accordance with certain specifications, and to complete it by a certain time. There is a sufficient aver *308 ment of a compliance with these specifications, hut there is no averment of the completion of the building at the appointed time. As a general rule, a.failure to complete the work at the day agreed, is no answer to the plaintiff’s action ; unless, indeed, time is made the essence of the agreement. In the case of such failure, however, the plaintiff cannot recover upon the special contract, although the work has been accepted and enjoyed by the defendant ; but he may recover upon the common counts, for the reasonable value of the benefit derived from the work by the defendant. If the plaintiff seeks to recover upon the special contract, he must aver and prove the performance at the time and in the manner stipulated; or he may show an agreed modification in the terms of the contract, and a performance on his part in accordance with such modification. As the count in question is defective in failing to aver a performance at the appointed time, the demurrer to that count should have been sustained. The other counts are substantially good.
The question next to be considered arises upon defendant’s first bill of exceptions. It is sufficient to say that no substantial variance exists between the names of the commissioners set forth in the declaration and those contained in the order of the County court. It was, therefore, unnecessary to amend the declaration. The defendant could not have been prejudiced or surprised, either by the amendment or by the introduction of the order in evidence. It necessarily results from this view there was no valid reason for a postponement of the trial, or for remanding the case to the rules.
The fourth assignment of error is to the refusal of the court to admit the evidence set out in defendant’s second bill of exceptions. The defendant introduced a witness, and proposed to prove by him that the jail was not completed according to contract. To the introduction of this evidence the plaintiff objected, upon the ground that defendant was estopped to raise such question under *309 the issues in the cause. In support of this objection, he read an order of the County court, dated 4th June 1866. From which it appeared that the County court had appointed commissioners to examine the jail, and they reported it was fully completed according to contract. The court had thereupon received the jail, as and for the jail of the county, the same having been built and completed according to law. Upon an inspection of this order, the court sustained the objection, being of opinion the defendant was concluded from raising the question of a non-performance of the contract.
It is to be borne in mind that the defendant, in addition to the general issue, filed a special plea, averring that the plaintiff did not complete the jail by the 1st day of December 1861, the time stipulated; and also, averring that the.work was unskilfully and negligently performed, and with improper and defective materials. The plaintiff did not demur to this plea, nor did he reply the estoppel arising from the action of the County court, but took issue thereon, blow, if it appeared that the evidence offered by defendant had reference to the time of completing the building, we should hold it was rightly excluded. The defendant having received the jail without protest, will be thereby held to have waived his objections to the delay in its completion. But the evidence was not so restricted. It was also pertinent to that branch-of the plea which raised the question of the defective execution of the work, and was clearly admissible in support of that issue. Had the defendant pleaded the general issue only, and under that issue offered the evidence in question, it would have been competent for the plaintiff to rely upon the estoppel in evidence also. And this upon the well settled principle that where there is no opportunity of pleading an estoppel, it is to be held conclusive when offered in evidence. But here the defendant pleaded the matter of defense specially, and thus afforded the plaintiff the *310 opportunity of replying the estoppel. Instead of pursuing this course, he takes issue upon the plea, and thus opens the door to a full investigation of the matters contained therein.
I have thus far considered the case as if the order of the County court constituted an estoppel. Is it, however, to be so regarded. The plaintiff', by his form of action, treats the contract not as a matter of record, but as resting in parol. The declaration is in assumpsit, and upon the general issue it devolved upon him to prove the construction of the work in strict compliance with the terms of the contract. This he might do by the testimony of witnesses, or he might rely upon the admission contained in the order of the County court. This order furnished evidence of a very strong and persuasive character, but it was not conclusive upon the-question of such compliance.
The commissioners appointed to examine the building were not referees, nor was their report in the nature of an award between the . parties. They were mere agents of the court, -appointed for the purpose of ascertaining whether the building could be safely received, and the compensation paid the contractor. It is true the report was entered of record, but such entry did not render the inquiry or the acceptance a judicial determination of the fitness of the building. The justices were acting as a board of police for the county, in their ministerial, and not in their judicial capacity. In this case, as in a large majority of instances, the examination of the jail was made shortly after its completion, and before any defects in the material, or in the execution of the work, were discoverable. Under such circumstances, to hold that a county shall be compelled to pay the contract price for public buildings, no matter how defectively constructed, is to establish a rule that will -place the public interests at the mercy of fraudulent or incompetent and unskilful contractors. In Jaege v. Bossieux, *311 15 Gratt. 83, by the terms of the contract, the work was to be valued and the price fixed by referees chosen by the parties. Upon the completion of the building, it was examined, , valued and priced by the referees, and accepted by the owner. In an action for the price, it being claimed that the work was defectively executed, the award of the referees was relied on as an estoppel. Judge Lee, in alluding to the valuation made by the referees, said: “Such a valuation would, of necessity, be based upon the condition in which the work appeared at the time it should be made, and it could not have been intended to deprive the party of the right to compensation for material defects in the work, not discoverable at the time of the valuation. And as numerous and marked defects were subsequently disclosed, the award of the referees, as to the value of the work in its apparent condition at the time, should not be conclusive.” This reasoning is equally applicable to the present case, and warrants the introduction of evidence touching the character and value of the work performed by the plaintiff. I think the court erred in rejecting that, evidence as set forth in defendant’s second bill of exceptions.
Another ground of error is the refusal of the court to give an instruction asked for by defendants set out in a a paper marked bill of exceptions Ho. 3. This paper is not signed by the judge presiding at the trial, but reference is made to it in a bill of exceptions which is signed, and the reason for such refusal stated. I think the court did not err in refusing to give this instruction ; nor was there any error to the prejudice of the defendant in the instruction actually given in lieu of that asked for by the defendant. The plaintiff had no contract with the sheriff, nor was he under any obligation to pursue him ; though he may have been authorized so to do under the statute. His contract was with the court, and to it he had the right to look for his compensation. It was the duty of the *312 justices not only to lay the levy, but to see that the proceeds were applied in payment of plaintiff’s debt. Neither the levy nor its collection by the sheriff, furnished any evidence of a payment to the plaintiff'. If, "in fact, such payment was made, it was easy to establish it by the testimony of the sheriff', the agent of the county and the officer of the court.
Complaint is also made of the refusal of the court to sign a paper appearing iii the record as defendant’s bill of exceptions No. 4. There is nothing, however, in the record tending to show that such refusal was improper. In the absence of evidence establishing the contrary, an appellate court will always-presume the action of the court below was warranted by the facts before it. In this case presumption' is rendered conclusive by a statement of the presiding judge of what occurred at the trial, from which it does not appear that any such evidence was offered as is contained in this bill of exceptions. It is impossible to say that the court committed an error in'refusing to sign the paper.
"What remedy is afforded a party aggrieved by the refusal of a court to sign a proper bill of exceptions, has never been the subject of adjudication by this court. It is an important question, only to be settled upon deliberate consideration. ' As such decision is not called for in this case, we do not deem it proper or necessary to express any opinion upon the point. For the reasons stated, I am of opinion the judgment should be reversed, the verdict set aside and a new trial awarded, and upon such trial the cause to be proceeded in in accordance with the principles herein announced.
The other judges concurred in the opinion of Staples, J.
Judgment reversed.