# WHEELING.

## DESPARD *v.* COUNTY OF PLEASANTS.

Submitted June 26, 1883—Decided December 20, 1883.

1. The county court, having made a contract with the plaintiff for certain repairs to the public buildings of the county, by an agreement in writing signed by it and the plaintiff, accepted said repairs and directed said agreement to be entered on the order-book of the court; after it had been so entered but before the minutes of the court had been signed the court by interlining the agreement on the order-book made a material change therein without the knowledge of the plaintiff. HELD:

   I. The said court in making said agreement did not act judicially but simply as a board of police for the county in its ministerial capacity and its obligations as such board and its powers as a county court in its judicial capacity were as separate and distinct as if the two bodies had been composed of different instead of the same members.

   II. It had no power as a court to alter the agreement entered into by it as such board, and the interlineation made therein on its order-book was a nullity and it was proper to show that fact by parol evidence.

2. The acceptance of said repairs by the county court was conclusive as to the character and completion of the repairs unless the county should show that the same had been obtained by the imposition or fraud of the plaintiff or made by the mistake of the county court. No offer having been made to show such imposition, fraud or mistake, it was not error to reject parol evidence

offered by the county to show that the repairs had not been made and completed according to the contract between the plaintiff and the county.   (p. 321.)

The facts of the case appear in the opinion of the Court.

*John A. Hutchinson* for plaintiff in error.

*Leonard & Caldwell* for defendant in error.

SNYDER, JUDGE:

Action of *assumpsit* by C. S. Despard against the county of Pleasants.   The declaration in addition to the common counts contains a count "for material furnished and work and labor performed upon the court-house, clerk's offices and jail of Pleasants county."   Issue was joined on the plea of *non-assumpsit*, a trial had by jury and a verdict found for the plaintiff for one thousand and seven dollars and seventy cents, upon which the court, on October 14, 1881, rendered judgment.   During the trial the defendant took several bills of exceptions and for the correction of the errors alleged therein it obtained a writ of error to this Court.

The county court of Pleasants county by an order of record, made May 12, 1879, awarded to the plaintiff the contract for repairing the court-house and jail of said county at the price of two thousand one hundred and eighty dollars and seventy cents to be paid as follows:   "One third when the material is on the ground, one third when the repairs are one half completed and the residue when said repairs are *fully completed and accepted by the court.*"

The said repairs were to be made according to written specifications.   Before they were accepted by the court the plaintiff did certain extra work not provided for in said specifications, and after having completed, as he claimed, the repairs according to his contract and done said extra work, the plaintiff, on May 12, 1880, presented to said court then in session his account showing a balance of one thousand three hundred and seventy dollars still due him from the county and demanded the payment thereof, and stated that unless the court accepted said work and paid him he would bring suit against the county on the same.   The court then offered to arbitrate the matter in dispute between it and the

plaintiff, which matter was the charges for extra work only, and the plaintiff agreed to said offer on condition that the court would accept the work done by him; to this the court assented and then and there directed counsel to prepare a paper setting out said agreement, which was done, and thereupon, in the presence of the court and by its direction, said paper, which was to be entered as an order of the court, was signed by the court by its president and also by the plaintiff. On that day after the adjournment of the court the clerk gave the plaintiff a copy of said paper and transcribed the same on the order-book of the court. The next morning when the clerk read the minutes to the court it ordered him to correct the entry of said paper by inserting the word "not" before the word "accepted" which the clerk did by interlining on the order-book said word "not" as before stated, and the minutes were then signed by the court. When said alteration was made neither the plaintiff nor his counsel was present nor was either notified thereof. The said paper as originally prepared and signed by the parties is as follows:

"C. S. Despard, who heretofore presented his account for work and labor upon the court-house and jail, amounting to one thousand three hundred and seventy dollars, this day moved the court to receive the work and pay him the said sum of one thousand three hundred and seventy dollars, which repairs were accepted, but upon consideration the court by agreement and consent of C. S. Despard doth hereby agree to submit a settlement of said claim to the arbitration of two disinterested persons, one to be selected by the county court of Pleasants county and one by said Despard, and they are empowered to select the third one or umpire, and they are empowered to send for persons and papers. Their award shall be final. They shall be selected and their names sent to the clerk within ten days, and shall meet at St. Marys, in the county of Pleasants, and shall give notice of the time and place of their meeting to the said C. S. Despard and to the county of Pleasants.

"County Court Pleasants Co.,
"By James W. Williamson.
"C. S. Despard.
"St. Marys, May 12, 1880."

The plaintiff introduced this paper in evidence, and proved by other evidence that his account sued on was due to him from the defendant and unpaid. And thereupon the plaintiff being on the stand as a witness on his own behalf was asked, on cross-examination, this question : "Was the repairs done in a workmanlike manner, and the court-house and jail left in a finished condition ?" To this question the counsel for the plaintiff objected, and the court excluded it. The defendant then introduced a witness on its behalf and asked him the same question which was likewise objected to and excluded.

The defendant next offered in evidence the order-book of the county court and proposed to read therefrom to the jury the transcript of the aforesaid paper of May 12, 1880, as copied on said book and altered by interlining before the word "accepted" the word "not" as hereinbefore described. To the reading of which the plaintiff objected, but the court overruled the objection and said transcript was read to the jury. In rebuttal of this the plaintiff offered to read the original paper after having proved its execution, and that said transcript had been taken from it and subsequently altered as aforesaid, and the defendant objected, but the court overruled its objection. This is the same paper previously read to the jury by the plaintiff. The defendant then offered as a witness a member of the committee appointed by the county court to examine the repairs done to the court-house and jail, and asked him the following question : "State in what particulars, if you know, the work done by the plaintiff in repairing the court-house and jail of said county was not in compliance with the specifications of the contract ?" The plaintiff objected to this question, and the court excluded it. Each of the aforesaid rulings of the court was duly excepted to by the defendant, and the questions raised by them are now to be determined.

The first question presented is, what was the character and effect of said paper or order of May 12, 1880 ? It seems to me, considering the manner in which it was signed and the circumstances under which it was executed, that it constituted an agreement between the parties. In fact, the parties agreed upon the very matters which are contained in it, and

by their further agreement they had said matters written down and they then and there signed the same as the evidence of their agreement. It has all the elements as well as the form of an agreement and the proof shows that it was so intended at the time. It being, then, an agreement its character was not, and could not be, affected by the fact that it was entered into for the purpose of having it made an order of the county court. Such purpose could only have the effect of making the agreement an order of court by consent.

In making said agreement or consent-order the county court was not acting in its judicial capacity, but simply as a board of police for the county in its ministerial capacity. It was acting as a board of directors on behalf of the county in its corporate capacity, and it had as such board the same authority to bind the county that a board of any other corporation, acting within its legal powers, would have to bind such corporation. *Smith* v. *Proprietors, &c.*, 8 Pick. 178. So acting it made said agreement or consent-order and it was as effectually bound thereby as if it had been made by a private person. Its obligations as such board and its powers as a county court in its judicial capacity were as separate and distinct as if the two bodies had been composed of different instead of the same members. Then, treating said paper as simply a consent-order, the county court had no more authority to alter or modify it than if it had been an agreement between private parties. A consent-order or decree can never be modified or altered without the consent of the parties, not even during the term at which it was entered— *Manion* v. *Fahy*, 11 W. Va. 482.

It, therefore, follows, that the interlineation by the county court of the word "not" before the word "accepted" in said order on the order-book of the court was a mere spoliation and constituted no part of the order. And it was entirely competent to prove such unauthorized interlineation or spoliation of the record by parol testimony—*State* v. *Vest*, 21 W. Va. 741; *Herring* v. *Lee*, 22 *Id.* 661. Consequently, the circuit court did not err in permitting the plaintiff to read to the jury said original paper, nor in permitting him by parol evidence to show the alteration made by the county court in

the order as recorded; but after said alteration had been shown the court should have excluded from the jury the order read to them by the defendant from the order-book of the county court.  This error was not, however, to the prejudice of the defendant, the plaintiff in error, and it cannot complain of it.

But it is claimed by the plaintiff in error, that the effect of said paper, treating it as an agreement or consent-order, did not preclude the defendant from having the jury pass upon the work done by the plaintiff.  By the express terms of the order of the county court, made May 12, 1879, awarding the contract for the repairs to the plaintiff, it is declared that the last payment shall be made "when said repairs are fully completed and *accepted by the court.*"  The court by this order appointed itself to accept the work and made the consequence of such acceptance the payment of the money.  It is said, however, for the plaintiff in error that said paper was merely an agreement to submit the settlement of the plaintiff's claim to arbitration and that the county court had no power to make such submission.  In my opinion said paper was intended to be, and was in fact, an unconditional and absolute acceptance of the work by the court; and the agreement to arbitrate was a matter altogether independent of the acceptance of the work.  The effect of this order is that the repairs were accepted by the court on the motion of Despard, the plaintiff, and thereupon the court, upon consideration and by the consent of said Despard, agreed to submit a settlement of said claim to arbitration.  The court, by improperly inserting the word "not" so as to attempt to alter the effect of the paper, indicated its purpose not to comply with its agreement and thereby gave the plaintiff the right to assume that it did not intend to arbitrate the matter.  There having been, then, no arbitration in fact, it is immaterial and unnecessary to enquire whether or not as a question of law the court had the power to submit the matter to arbitration, that part of the order having been repudiated and disregarded by both parties, by the county court by changing the order and by the plaintiff in bringing this action on his original claim and not on the agreement to submit.  But this repudiation of the agreement to submit could not, and did

not, affect the plaintiff's right to insist on the benefit of that part of the order by which the court accepted the repairs. This, as we have seen, was unqualified and in no manner dependent upon the agreement to arbitrate. The question then arises, did the acceptance of the work by the county court preclude the defendant under the circumstances and facts in this case, from introducing evidence to prove that the work was not done according to the contract?

By the order awarding the contract to the plaintiff the county court appointed itself to accept the work. This constituted a part of the contract and the defendant agreed to pay the final payment upon such acceptance. The acceptance by the party chosen for that purpose was certainly intended to have some effect. But if proof is permitted to impeach the character of the work without any pretense of any imposition, fraud or mistake then the plaintiff is in no better situation than if the work had never been accepted and thus the acceptance would amount to nothing. Conceding that such acceptance was not conclusive, still, to give it any effect, it must be held to be equivalent to a settlement between the parties as to the character of the work; and, therefore, conclusive upon the defendant, unless it could show that the acceptance had been obtained by some imposition, fraud or mistake. *Lyne* v. *Gilliat*, 3 Call 5 ; *Parkersburg Nat. Bank* v. *Als*, 5 W. Va. 50.

In this action, the defendant filed specifications of sets-off and payments, but gave no notice of any claim for damages on account of any defect in the repairs. It did not assert or offer to prove that there was any imposition, fraud, concealment or mistake in the acceptance of the work by the court. If it had offered such proof in connection with the testimony excluded by the court, I am inclined to think, it would have been admissible under the plea of *non-assumpsit* and that said order of acceptance would not have operated as an estoppel even if so formally pleaded. *Iaege* v. *Bossieux*, 15 Gratt. 83, 99 ; *Carrol County* v. *Collier*, 22 Gratt. 302. But, having failed to assert or offer to show that there was any imposition, or fraud on the part of the plaintiff, or mistake upon the part of the county court in accepting said repairs, I do not think, the circuit court erred in excluding the testimony offered by

the defendant to prove that the work had not been done according to the specifications set forth in the contract with the plaintiff.

I am, therefore, of opinion that there is no error in the judgment of the circuit court and that the same must be affirmed.

AFFIRMED.