# CHARLESTON.

## MORRIS v. DUTCHESS INSURANCE COMPANY.

### Decided April 26, 1910.

1. INSURANCE—*Proofs of Loss—Waiver—Denial of Liability.*
   Denial by a fire insurance company, within the sixty days given the insured to furnish preliminary proofs of loss, of its liability on other grounds, is in legal effect a waiver of the conditions of the policy requiring such proofs.

2. SAME—*Proofs of Loss—Waiver—Authority to Make.*
   But such denial and notice thereof to the insured to bind the insurance company must be by some officer or agent having authority, express or implied. Neither the declaration of a local soliciting agent nor of an adjuster not shown to have authority to make such denial will bind the insurance company, or excuse the insured from compliance with the conditions of the policy to furnish such preliminary proofs.

3. SAME—*Action on Policy—Conditions Precedent—Proofs of Loss.*
   Furnishing of the preliminary proofs of loss as required by the conditions of a policy of fire insurance is a condition pre-

cedent to any right of action thereon, and unless waived an action on the policy does not accrue to the insured until such proofs have been furnished.

Error to Circuit Court, Harrison County.

Action by Mary L. Morris against the Dutchess Insurance Company. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*E. D. Lewis* and *D. J. Carter,* for plaintiff in error.

*Davis & Davis* and *E. B. Templeman,* for defendant in error.

MILLER, JUDGE:

In an action on a policy of fire insurance defendant, in addition to the general issue, filed a statement, as provided by section 64, chapter 125, Code 1906, that it would also rely, by way of defense, first, on the fact that the insured had not given immediate notice in writing to defendant of the loss, and had not within sixty days after the fire nor at any time furnished proofs of the loss, as required by the provisions of the policy, wherefore no right of action thereon had ever accrued to plaintiff; second, on the fact that the building covered by the policy sued on had been allowed to be and become vacant and unoccupied and to so remain for a period of more than ten days, in violation of the conditions of the policy, rendering the same void.

Plaintiff did not claim or prove on the trial that she had ever furnished defendant with proofs of loss required by the terms of the policy, but on the trial, without having filed any statement in writing specifying the same, as required by section 65 of said chapter 125, Code 1906, insisted that defendant had waived such proofs of loss by denying, within the sixty days given by the policy for furnishing such proofs, any and all liability under the policy for the loss incurred.

Issues being joined on the pleadings filed the jury on the trial returned a verdict for plaintiff for $1145, which upon the defendant's motion was set aside and a new trial awarded.

To test the correctness of the judgment below, plaintiff has brought the case here upon a writ of error.

Said section 65 of chapter 125, Code 1906, provides that

"if plaintiff intends to rely upon any matter in waiver, estoppel or in confession or avoidance of any matter which may have been stated by the defendant   *   *   *   ," he "must file a statement in writing, specifying in general terms the matter on which he intends so to rely" verified by affidavit.   The point is not made that plaintiff did not give notice of waiver by defendant of her promissory warranty to furnish proofs of loss, but it is doubtful whether under the provision of the statute, she should now be permitted to rely on such alleged waiver.   We need not decide this question, however, for in our judgment the facts proven do not amount to a waiver by defendant.

. This proposition, many times decided, that "denial by an insurance company of its liability on other grounds, within the time allowed for furnishing preliminary proofs of loss, is in law a waiver of the conditions of the policy requiring such proofs," is not controverted.   *Medley* v. *Ins. Co.,* 55 W. Va. 342 (Syl. pt. 11) ; *Deitz* v. *Ins. Co.,* 33 W. Va. 526  (Syl. pt. 4) ; *Sheppard* v. *Ins. Co.* 21 W. Va. 368 (Syl. pt. 14) ; *Cleavenger* v. *Ins. Co.,* 47 W. Va. 595, 610. Defendant, however, denies that within the sixty days given for furnishing preliminary proofs of loss it or any one authorized by it denied its liability on other grounds.   It is not claimed by plaintiff that any such denial is contained in any letter or notice in writing received from defendant company.   The evidence relied on is that on the day following the fire plaintiff's husband, for her, verbally notified a local agent of defendant of the loss; that this agent notified the general agents at Charleston of the loss by letter, acknowledged by them, and that a few days afterwards they sent their adjuster, a special agent, to the place of the fire, who after viewing the premises, did not see or communicate with the insured or her husband, but stated to the local agent on his return from the place of the fire, that he had learned that the property was vacant, and that defendant would deny liability under the policy for that reason.   The local agent on the stand as a witness for plaintiff would not say that he was authorized by defendant or the adjuster to notify plaintiff that the defendant denied its liability.   Failing to show authority of the local agent to act in the relation to the loss, objections were properly sustained by the court below to questions propounded to D. M. Morris, plaintiff's husband and agent, as to whether the local agent

had at any time advised him that defendant would not pay the loss, and the evidence fails to show any notice by defendant to plaintiff at any time within the sixty days, through any local or special agent or otherwise of any denial by defendant of its liability. On the contrary the evidence shows that when written to by plaintiff on April 13, 1905, within the sixty days, the special agent and adjuster who had been sent to see the property, wrote her April 17, 1905, saying: "In reply would say, the contract in your possession will give you the information necessary as to what steps to take." Her answer, April 19, accused the adjuster of evasion, threatening suit, and saying "I suppose you intend to try to beat us out of our money on some technicality."

This was practically all that occurred showing or tending to show denial of liability by defendant until in June, 1905, long after the expiration of the sixty days, when the matter was again taken up by counsel directly with defendant company, and being by it referred to its general agents at Charleston, correspondence between counsel and agents ensued resulting then in a denial by its agents of any liability on the part of defendant. In the mean time no proofs of loss were furnished.

The policy specifically provides that "no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under the policy exist or be claimed by the insured unless so written or attached." Another provision of this policy says: "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." This includes the furnishing of preliminary proofs of loss. It has been held that under such a provision an adjuster could not waive any of the conditions of a policy. *Weed* v. *London &c. Co.,* 116 N. Y. 106 (22 N. E. 229). Nor

can a local soliciting agent do so. May on Ins. section 129. In *Medley* v. *Ins. Co., 55* W. Va. 342, this Court said: "As to promissory warranties, conditions for the violation of which the policy is rendered non-effective after it has become effective and operative, such limitation clause is not only notice to the insured of want of authority in the agent to waive them, but also a stipulation between the parties that the agent has not, and shall not have, any such power." Failure to make proof of loss required by the terms of the policy as a condition precedent to right of action thereon is not excused by a claimed waiver, not in writing, by an agent of the company not shown to have any express authority to make it and whose action was not ratified by the company. *Insurance Co.* v. *Encampment Smelting Co.,* 166 F. R. 231; *Ruffner Bros. Co.* v. *Ins. Co.,* 59 W. Va. 432.

These authorities make it clear that no act or declaration of either the adjuster or the local agent of the defendant relied on but not shown to have been authorized or ratified by it bound the defendant or excused the plaintiff from furnishing the required proofs of loss, and hence no cause of action has as yet accrued, for the furnishing of such proofs is a condition precedent to action or recovery. *Adkins* v. *Globe Fire Ins. Co.,* 45 W. Va. 384 (Syl. pt. 5); *Peninsular Land Co.* v. *Franklin Ins. Co.,* 35 W. Va. 666 (Syl. pt. 9).

No right of action on the policy having accrued to plaintiff at the time of the suit brought it will be wholly unnecessary for us to consider the question, elaborately argued, whether the policy sued on was rendered void for violation by the assured of the provision of the policy against allowing the property to become vacant and unoccupied and to so remain for a period of more than ten days.

Finding no error in the judgment below it must be affirmed.

*Affirmed.*