(55 South. 746.)

No. 18,447.

ADKINS v. SIMS & BROWN.

(June 15, 1911.)

*(Syllabus by the Court.)*

1. ESTOPPEL (§ 110*)—PLEADING.

The court will not notice grounds of estoppel not specially pleaded.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 300; Dec. Dig. § 110.*]

2. ESTOPPEL (§ 94*)—SILENCE.

Where purchasers at a sheriff's sale know that a third person claims the property, there is no basis for estoppel by silence.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 276–284; Dec. Dig. § 94.*]

3. APPEAL AND ERROR (§ 1178*)—REVERSAL—REMAND.

Where a cause was submitted on a plea of estoppel and on its merits, and the plea was sustained, on reversal the case will be remanded for decision on its merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4620; Dec. Dig. § 1178.*]

Appeal from Third Judicial District Court, Parish of Claiborne; B. P. Edwards, Judge.

Action by Z. F. Adkins against Sims & Brown. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Barnette, Roberts & Goff, for appellant. Richardson & Richardson, for appellee.

LAND, J. Several years ago the plaintiff instituted a suit against his son Ed. Adkins, in which he claimed the ownership of a sawmill plant, in possession of the said son under an alleged contract of lease. The property was seized under writs of sequestration.

Sims & Brown intervened, claiming the ownership of the plant by written transfer from Ed. Adkins, in consideration of a debt against him for money and supplies to the amount of about $3,200, and, in the alternative, prayed for judgment for said amount, with interest. Sims & Brown alleged that any transfer of said plant from the son to the father that might be set up by the plaintiff was a fraudulent simulation. On the trial of said suit there was judgment rejecting the plaintiff's demand as in case of nonsuit, and in favor of the interveners on their alternative money demand. Execution issued against Ed. Adkins on July 1, 1908, and the sheriff seized thereunder the mill plant and a lot of lumber. On July 25, 1908, the property so seized was sold at public auction, and was adjudicated to Sims & Brown

for $1,686.93, which was credited on the execution.

On August 29, 1909, plaintiff filed the present suit, claiming the ownership of said plant, and $800 for one year's rent, and, in the alternative, for the sum of $2,500, the alleged value of said property, with legal interest from August 1, 1909.

Defendants after filing. certain exceptions, which were overruled, answered that the plaintiff stood by and allowed the mill plant to be sold without objection as the property of Ed. Adkins, and was therefore estopped to claim said property, and, further, that the plaintiff's claim of ownership was based on a fraudulent simulation entered into between the plaintiff and his son for the purpose of defrauding creditors. Defendants further averred that since their purchase they had expended some $600 in repairing and improving said mill plant.

The case resulted in a judgment in favor of the defendants rejecting the demands of the plaintiff and sustaining the plea of estoppel. Plaintiff has appealed.

The. evidence shows that, after the seizure, the plaintiff endeavored to effect a compromise with the defendants. This fact shows knowledge of the proceedings on the part of the plaintiff, and knowledge of the assertion of his claim ·on the part of the defendants.

A certain witness testified that the plaintiff requested him to act as one of the appraisers of the property under seizure, and the record shows that the same witness was one of the appraisers. This evidence was not objected to by the plaintiff, but his counsel urge that such circumstance cannot avail the defendants as an estoppel, because it was not specially pleaded in the answer, which contains only a plea of estoppel by silence and inaction. [1] It is well settled that the court will not notice grounds of estoppel not specially pleaded, but based on evidence received without objection. Thomas

v. Blair, 111 La. 678, 35 South. 811; Heirs of Wood v. Nicholls, 33 La. Ann. 744; Bonnecaze v. Lieux, 52 La. Ann. 285, 26 South. 832.

The answer avers that the plaintiff stood by and allowed the property to be sold as that of his son. There is no averment that the plaintiff participated in the proceedings by the appointment of one of the appraisers.

[2] Defendants knew that the plaintiff claimed the property; and therefore they were not misled or deceived by his inaction in not enjoining or protesting against the sale. The doctrine of estoppel by silence when applied to judicial sales is based on the duty of the bystander having a title or interest in the property offered for sale to make his claim known to the bidders. If the facts are known to all parties, there is no basis for estoppel. 16 Cyc. 764, and notes.

[3] In the case at bar the purchasers at the sheriff's sale were fully advised of the claim of the plaintiff; and took the chances of a future litigation with him. It is admitted that the case was decided on the plea of estoppel. It is therefore proper to remand the cause for decision on its merits.

It is therefore ordered that the judgment below be reversed, and it is now ordered that defendants' plea of estoppel be overruled, and that this cause be remanded for decision on the merits and further proceedings according to law, defendants to pay all costs incurred by the plea and costs of appeal.