Emma Hope Duncan *v.* Federal Union Insurance Company

(No. 7256)

Submitted November 1, 1932. Decided November 22, 1932.

*John E. Jenkins,* for plaintiff in error.
*Jean F. Smith* and *John J. Hamrick,* for defendant in error.

Lively, Judge:

From a verdict and judgment for $500.00 against it, entered on October 15, 1931, defendant prosecutes error.

The policy covered certain personal property destroyed or damaged by fire within the life of the policy.

Defendant pleaded the general issue, and set up special matters of defense by four pleas. Plea No. 1 set up increased hazard from an incubator kept in one of the rooms, where the fire originated, in which incubator kerosene or other inflammable fluid was used for heating it, as preventing recovery under the policy, which provided that "unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring * * *

while the hazard is increased by any means within the control or knowledge of the insured.'' Plea No. 2 set up that the action could not be maintained because proof of loss showing the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of loss or damage thereto had not been rendered to defendant by plaintiff within sixty days after the fire; a requirement of the policy, which also provided that no suit or action should be maintained unless all of the requirements of the policy have been complied with. Plea No. 3 set up that under the policy no suit could be maintained unless the insured had complied with all of the requirements, and that plaintiff could not maintain its suit because it had not complied with the requirement in respect to furnishing proof of loss. Plea No. 4 set up the defense that the plaintiff had paid only $.80 per $100.00 for a three-year term, whereas, by reason of keeping the incubator in one of the rooms the hazard was increased, the premium should have been $2.50 more on the $100.00, or a premium rate of $3.30; and that therefore if a recovery was had, it should be limited to eight thirty-thirds of the actual loss sustained.

These pleas were filed under Code 56-4-21, which provides, in substance, that if the defense be that the action on an insurance policy `cannot be maintained because of failure to perform or comply with, or violation of, any clause, condition or warranty, defendant must file a statement in writing specifying the particular clause, condition or warranty in respect to which such failure or violation is claimed; which statement must be sworn to, the affiant stating therein his belief that evidence at the trial will support such defense.

To these special pleas, plaintiff replied generally and issue was joined. Under Code, 56-4-22, it is provided, in substance, that if plaintiff intends to rely upon any matter in waiver, estoppel, or in confession and avoidance of any matter which may have been stated by defendant, plaintiff *must* file a statement in writing specifying in general terms the matter on which he intends so to rely, which statement must be verified, the affiant stating therein his belief that the matter of reply will be supported by evidence at the trial. Plaintiff did not file this verified statement in writing setting up waiver,

estoppel, or confession and avoidance, but contented herself with general replication to the pleas.

Upon the trial, it was proven that the fire occurred on April 16, 1931, and that proof of loss was furnished to defendant on July 22, 1931, which was over three months after the date of the fire; and that on August 8, 1931, seventeen days after the proof of loss was filed, this suit was begun. In order to avoid the failure to furnish proofs of loss within sixty days, and the institution of the suit seventeen days after filing such proofs, plaintiff tendered a letter to her from defendant's local agent dated June 22, 1931, in which she was advised that the local agent had received a letter from defendant saying it had been informed that the incubator caused the fire; but even if that was not true, the presence of the incubator in the building increased the hazard, and rendered the policy void; that it had been further informed that a Mr. Rinard (an adjuster) had endeavored to adjust the loss under a non-waiver agreement which she had refused to sign, and that she had turned the matter over to an attorney; and under such circumstances, it could do nothing further in the matter. The local agent then added: "From the above, you can see the company's attitude and, therefore, we do not know anything that can be done except to let your attorney proceed with the suit." The introduction of this letter was objected to, but the court overruled the objection and permitted it to go to the jury.

Evidently the court took the view that this letter was a denial of liability (or at least that the jury might so find), and was a waiver of proof of loss, and waiver of the condition of the policy that loss was not payable until sixty days after proof of loss had been filed, and that no suit should be maintainable on the policy unless all the requirements therein had been complied with. Was it error to admit this letter in evidence under the pleadings above set out? Defendant argues that it was; that no waiver, estoppel, or confession and avoidance of the matters set up by its special pleas and *general* reply thereto was admissible, and therefore its motion to dismiss the action as prematurely brought, made at the close of the plaintiff's evidence, should have been sustained. Plaintiff argues that the policy does not provide for for-

feiture for failure to furnish proof of loss, but only delays right of action (*Munson* v. *Ins. Co.*, 55 W. Va. 423, 47 S. E. 160), and proof having been filed more than three months after the fire her right to sue was not lost, but delayed; and defendant, by the letter above set out, having denied liability, suit was maintainable at any time after the denial. This statement of the law is correct, for the weight of authority is that a denial of liability or refusal to pay is a waiver of provisions of the policy that suit shall not be brought within a certain time after loss, or after furnishing proofs of loss, and a suit may be maintained without waiting for the expiration of the agreed time for commencing suit. Of course, there must be a waiver by unequivocal denial of liability. *Clark Millinery Co.* v. *Nat. Union Ins. Co.*, 160 N. C. 130, 75 S. E. 944, annotated in 33 Am. & Eng. Anno. Cases 367; *Morris* v. *Dutchess Ins. Co.*, 67 W. Va. 368, 68 S. E. 22. So, the question here presented is whether the alleged unequivocal denial of defendant's liability as contained in the agent's letter was properly admitted under the pleadings.

The statement in writing of defenses relied upon to defeat recovery in Code, 56-4-21, and the statement in reply thereto setting up waiver, estoppel or confession and avoidance, directed to be filed by Code, 56-4-22, are pleadings. *Crouch* v. *Ins. Co.*, 104 W. Va., 605, 140 S. E. 681. It is apparent that one purpose of these sections was to eliminate from the trial all conditions and clauses of the policy contract not in issue, narrow the issue or issues, and prevent surprise. *Capehart* v. *Mutual Benefit, etc., Co.*, 111 W. Va. 317, 161 S. E. 609. Here, defendant gave notice to plaintiff that her suit had been brought within sixty days after her proof of loss had been furnished, a premature action. By her general replication, she controverted that fact, but when it was proven that her proof of loss was furnished on July 22, 1931, and the action *was begun* August 8, 1931, seventeen days after filing proof of loss, she attempted to show and was permitted to put in evidence a letter of June 22, 1931, purporting to show an unequivocal denial of liability which would obviate not only the necessity for furnishing proof of loss (later filed on July 22, 1931), but the further requirement of the policy that she could not sue before the expiration of sixty days

after furnishing proof of loss. In other words, she attempted to show waiver and estoppel. Note the language of said section 22. It says that "if plaintiff intends to rely upon any matter in waiver, estoppel or confession and avoidance of any matter which may have been stated by defendant as aforesaid, the plaintiff *must* file a statement in writing specifying in general terms the matter on which he intends so to rely," etc. This is mandatory in character. *Capehart* v. *Mutual Benefit, supra.* It is a basic rule that there must be a pleading on which to base offered evidence. Where plaintiff, on a policy contract, files no statement in writing specifying in general terms or otherwise his reliance upon any matter in waiver, estoppel, or confession and avoidance of any material defense set up by defendant he cannot, if objected to, introduce evidence showing or tending to show waiver, estoppel, or confession and avoidance. *Riley* v. *Aetna Ins. Co.*, 80 W. Va. 236, 240, 92 S. E. 417, 28 A. L. R. 810.

It was error to permit the letter of the local agent of defendant to go to the jury over objection, for the reasons above stated; and it follows that the motion of defendant, made at the conclusion of plaintiff's evidence, to strike plaintiff's evidence on the ground that the suit was prematurely begun should have been sustained.

The judgment is reversed, the verdict set aside, and the case remanded.

*Reversed; verdict set aside; case remanded.*