Farmers' Mutual Fire & Lightning Ins. Co. v. Lecroy.

---

## Farmers' Mutual Fire and Lightning Ins. Co. v. Helen Lecroy.

1.   INSURANCE—*Effect of Incomplete Answers in an Application.*— When an application for a policy of insurance contains an incomplete answer to a material question, and the company does not call for a fuller answer, but issues its policy, it will be deemed to have waived any imperfections contained in the answer.

2.   SAME—*What is an Insurable Interest.*—Whenever the insured party will suffer a loss by the burning of the property, he may insure it without particularly describing his interest.

3.   FORFEITURES—*To be Strictly Construed.*—A contract providing for a forfeiture is to be strictly construed against the party who will be benefited by the forfeiture, especially when such party has had it in his power to insist upon the very information which is claimed to have caused the forfeiture and did not see fit to do so.

42      APPELLATE COURTS OF ILLINOIS.

VOL. 91.] Farmers' Mutual Fire & Lightning Ins. Co. v. Lecroy.

4. ARBITRATION—*Agreement to Arbitrate, No Bar.*—An agreement to arbitrate does not constitute a bar to an action unless an award is a condition precedent to the right of action.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Wayne County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

A. M. ELLIOTT and CREIGHTON, KRAMER & KRAMER, attorneys for appellant.

EDWIN BEECHER and CREIGHTON & THOMAS, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Appellant is organized as a Township Fire Insurance Company, under sections 100–118 of chapter 73, of Hurd's Revised Statutes of 1899. On April 8, 1893, appellee and her husband made application to appellant for insurance on their dwelling house, and a policy for $500 was issued to them the same day. At that time appellee and her husband were the owners in common of a life estate in the tract of land upon which the dwelling was located, residing thereon as their homestead, the remainder in fee being to the bodily heirs of appellee. On the second day of March, A. D. 1895, appellee's husband executed and delivered a deed to her for the property covered by the life estate held by them as tenants in common, another piece of land adjoining being also included in the conveyance. In this deed appellee did not join as grantor; and accordingly appellee and her husband executed another deed, on the 3d day of August, 1895, to one N. M. Powell, who at once reconveyed the property to appellee. Both of these deeds were without consideration, the purpose of their execution being to place the entire title to both tracts of land in appellee. No notice of either of these transfers was given to appellant. The application signed by appellee and her husband contained the following question and answer thereto:

"What is the title, and whether incumbered by mortgage or otherwise, and to what amount?" Answer, "Clear." Neither the application nor the policy provided that a transfer of the title to the property insured should work a forfeiture of the policy; the policy was issued (and so stated on its face) subject to the limitations of the rules, by-laws and regulations of the insurance company. No rules or regulations that bear upon the question of the transfer of the property are abstracted, and we are referred to none in the record, hence we must infer, if any had ever existed, they had been repealed or were not relied upon.

On the 8th day of March, 1898, the dwelling was destroyed by fire; appellant refusing to pay the loss, suit was brought by appellee against the company to recover for it. The case was tried by the court, a jury having been waived. There was a judgment for appellee in the sum of $175, and the insurance company has brought the case here by appeal, and the following grounds of error are urged upon us for the reversal of the judgment:

1st. Misrepresentation of appellee's title to the property insured.

2d. The several conveyances without notice to appellant rendered the policy null and void.

3d. That the action is prematurely brought, since there was a failure to comply with the provision for the appointment of a committee of reference by the county judge, as indicated by section 110 of chapter 73 of the before named statutes.

As to the first ground urged, it is evident that the question in reference to the title to the property, heretofore quoted, is made up of several parts. It inquires for the title to the property, whether it is mortgaged, whether there was any charge thereon otherwise than by way of mortgage, and what the amount may be. It is equally clear that the answer does not pretend to reply to that part of the question which relates to the title; for a life estate may be as "clear" as an estate in fee. If the insurance company wanted a fuller reply to the question quoted, it

44          APPELLATE COURTS OF ILLINOIS.

VOL. 91.]  Farmers' Mutual Fire & Lightning Ins. Co. v. Lecroy.

should have called for one.   It did not do so, but it issued
the policy knowing the answer, and by such act it
waived any imperfection the answer may have contained.
Marston v. Kennebec Ins. Co., 89 Me. 266; Phoenix Ins. Co.
v. Raddin, 120 U. S. 183.   Even an entire omission to
answer a question will not avoid the policy.   Armenia Ins.
Co. v. Paul, 91 Pa. St. 520.   And the reason for it is that
a contract providing for a forfeiture is strictly construed
against the party who will benefit by the forfeiture, espe-
cially when such party has had it in its power to insist upon
the very information which is claimed to cause the forfeit-
ure, and yet has seen fit not to do so.   1 May on Insurance,
Secs. 166, 167, 168.   There was no misrepresentation of the
title to the property.

The second ground urged is already disposed of in what
we have before said in regard to there being no rules or
regulations of the company about transferring the property,
and we may add that we have looked into the record and
find that it does not contain any provision making the pol-
icy void in case of a transfer of the property, and we may
further add that the record does not show that the property
was ever really transferred.

As to the third ground urged for reversing the judgment,
section 110 of chapter 73 of said statutes provides that if
there is a failure of the parties to agree upon the amount of
the loss, the claimant may appeal to the county judge of the
county in which the office of the insurance company is
located, whose duty it shall be to appoint three disinterested
persons, who shall make an award in writing, and that such
award shall be final.   Section 113 of the same chapter, pro-
vides among other things :

"Suits at law may also be brought and maintained against
any such company by members thereof for losses sustained,
if payment is withheld after such losses have become due."

The point is made that the loss under this policy did not
become due until the committee of arbitration had first
fixed the amount of the loss.   We do not assent to that
contention.   The policy does not even contain an agreement
for an arbitration.   We are of the opinion that the two sec-

tions referred to merely provide alternative remedies, either one of which may be exercised at the option of the assured. Even an agreement to arbitrate does not constitute a bar to an action unless an award is a condition precedent to the right of action. 1 Beach on Contracts, Sec. 94. The statute does not say that the loss shall not become due until the committee appointed by the county judge shall have made its award.

Appellee, as life tenant of the property, had an insurable interest in the dwelling destroyed, either in the undivided one-half of the property or in the whole of it, as circumscribed by the life estate. And inasmuch as the evidence showed that the house was worth from $350 to $600, and the judgment was for $175, it would seem that the court gave appellee judgment for only one-half of the insurable interest. The policy did not provide that if the assured was not the unconditional owner in fee simple of the property, then the policy should be void.

Under such circumstances if the assured will suffer loss if the property burns, he may insure without particularly defining his interest. Norwich Fire Ins. Co. v. Boomer, 52 Ill. 442; Rockford Ins. Co. v. Nelson, 65 Ill. 415; Andes Ins. Co. v. Fish, 71 Ill. 620; Ostrander on Fire Insurance, Sec. 62 (2d Ed.).

Finding no error in the record the judgment is affirmed.