## Staunton.

## NORTH BRITISH AND MERCANTILE INSURANCE COMPANY V. NIDIFFER.

### September 14, 1911.

1. EVIDENCE—*Declarations of Former Owner of Property.*—In an action to recover for a loss under a fire insurance policy, the declarations of the former owner of the property who is not a party to the action, that there would be a big fire before long which would burn up the block in which the property was situated, ought not to prejudice or affect the rights of the plaintiff to whom the property and the policy had been transferred by him, whether theretofore or thereafter, in the absence of evidence connecting the plaintiff with what such former owner said about the burning of the property, and hence is not admissible in evidence.

2. FIRE INSURANCE—*Policy—Conditions—Substantial Compliance.*— In an action on a policy of insurance against fire, the general rule in this State is that all that can be required of the plaintiff is a reasonable and substantial compliance with the conditions of the policy.

3. FIRE INSURANCE—*Valuation of Property Destroyed—Cash Value— Instructions.*—Under a fire insurance policy requiring the value of property destroyed to be assessed at its actual cash value at the date of the fire, the jury could not have been misled by an instruction telling them to "assess the value of the property as of the time of the fire," though it might have been better to have followed the language of the policy in this respect. The language used did not authorize the fixing of any other than a cash value of the property destroyed at the date of the fire.

4. FIRE INSURANCE—*False Statement in Proof of Loss—Unintentional Misstatements.*—Misstatements or mistakes either in the proof of loss or the examination of the plaintiff under oath, in an action on a fire insurance policy, will not deprive the plaintiff of the right of recovery unless they were made intentionally or knowingly.

5. FIRE INSURANCE—*False Statements in Proofs—Unintentional Misstatements—Failure to Verify—Belief in Truth.*—Whether or

not the plaintiff in an action on a fire insurance policy had reasons to believe that the statements and invoices used and adopted by him in making his proof of loss and his answers under oath, were correct, was a question for the jury under all the facts and circumstances of the case, and they could not have been misled by an instruction telling them that they should find for the defendant if they believe that the plaintiff adopted a statement of any one which was false, without attempting to investigate the truth of the matter for himself, *"and without any grounds for adopting said statement"*; though it would have been better to have used the word "reasonable" before the word "grounds" in the sentence quoted above.

6. New Trials—*Verdicts—Conflicting Evidence.*—It is not error to refuse to set aside a verdict as contrary to the evidence, where the evidence is conflicting on all the material questions involved in the case.

Error to a judgment of the Circuit Court of Wise county in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Bond & Bruce* and *George W. St. Clair,* for the plaintiff in error.

*W. S. Cox* and *Morton & Parker,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

M. D. Nidiffer brought his action of assumpsit against the North British and Mercantile Insurance Company on a policy of insurance issued by that company to J. W. Hill and transferred by the latter to the plaintiff. There was a verdict and judgment in the trial court against the insurance company, and to that judgment this writ of error was awarded.

The errors assigned are based upon the action of the court in excluding evidence, in giving and refusing instructions, and in overruling the motion to set aside the verdict of the jury because contrary to the law and the evidence.

The evidence excluded tended to show that J. W. Hill, to whom the policy was originally issued, had said about a month before the fire which destroyed the property insured that there would be a big fire before long which would burn up the block, and inquired of the witness, who owned property near by, whether or not she was insured. One of the grounds of defense relied on was, that the origin of the fire was known to the plaintiff and was originated by his acts, or that the property was destroyed with his consent by some one in privity with him. To sustain that contention it is claimed that the rejected evidence was admissible, upon the ground that Hill was interested in the policy to the extent of $500, balance of the purchase price due him on the insured property which he had sold to the plaintiff.

Hill was no party to the action, and his declarations as to what would happen to the property insured ought not to prejudice or affect the rights of the plaintiff, to whom the property and the policy had been transferred, whether theretofore or thereafter, in the absence of evidence connecting the plaintiff in any way with what Hill said about the burning of the property. There being no such evidence, the court properly rejected the alleged declarations of Hill.

The giving of instructions Nos. 1 and 2, asked for by the plaintiff is assigned as error.

Those instructions are as follows:

1. "The court instructs the jury that if they believe by a preponderance of the evidence that the plaintiff has fairly and reasonably complied with the terms of the policy of insurance, and if they further believe that the policy was issued to J. W. Hill and regularly transferred to the plaintiff, and that the property was afterwards destroyed by fire, then the plaintiff is entitled to recover."

75

2. "The court further tells the jury that if they believe that the plaintiff is entitled to recover they shall assess the value of the property as of the time of the fire, and find for the plaintiff three-fourths of said value in a sum not to exceed $1,000.00."

The objection made to instruction No. 1 is that a fair and reasonable compliance with the terms of the policy of insurance on the part of the plaintiff was not sufficient to entitle him to recover, but such right depended upon a literal compliance with the provisions of the policy.

The general rule in this State is that, in an action on a policy of insurance against fire, all that can be required of the plaintiff is a reasonable and substantial compliance with the conditions of the policy. See *Home Ins. Co.* v. *Cohen*, 20 Gratt. 312; *Lynchburg Fire Ins. Co.* v. *West*, 76 Va. 575, 581-583, 44 Am, Rep. 177; *North British & Mer. Ins. Co.* v. *Edmundson*, 104 Va. 486, 52 S. E. 350.

There is nothing in this case, so far as we can see, to take it out of the general rule, or which shows that instruction No. 1 did not properly state the law applicable to the case.

The objection made to instruction No. 2 is, that it does not restrict the jury in assessing the value of the property destroyed to its actual cash value at the day of the fire, as provided by the policy, but left it to them to asesss the property at the excessive value placed upon it by the plaintiff. While it might have been better to have told the jury that in assessing the damages, if any, they were to be governed by the actual cash value of the property destroyed at the time of loss, we do not think that the jury could have been misled by the language used, in fixing any other than a cash value upon the property destroyed at that date.

The defendant offered ten instructions. Seven of them were given as offered; three—Nos. 5, 6 and 7—were modified by the court and given. The action of the court in not giving instructions Nos. 5 and 6 as offered is assigned as error.

Instruction No. 5, as offered, was as follows: "The court instructs the jury that all inquiry by the defendant company as to the articles destroyed and the value of same, for which the plaintiff seeks to recover in this action, was material; that both in the proof of loss and examination under oath of plaintiff, the defendant had a right to have the truth from plaintiff, whatever plaintiff's intention might have been, and if you believe from the evidence that the plaintiff stated, either in the proof of loss or examination under oath, that more articles were destroyed than he had in the building, or stated that he had a greater number of articles than he actually had, and that same were burned, then that is false swearing within the meaning of the policy and you must find for the defendant."

The instruction as offered denied the right of the plaintiff to recover if he had made misstatements, either in his proof of loss or in his examination under oath, no matter how innocently made. The modification made in the instruction by the court told the jury that such misstatements or mistakes would not deprive him of the right to recover unless they were made intentionally or knowingly. The modification made in the instruction was clearly right. See *Va. Fire & Marine Ins. Co.* v. *Hogue,* 105 Va. 355, 366, 54 S. E. 8, and authorities cited.

Instruction No. 6, as amended by the court, is as follows: "The court instructs the jury that if you believe from the evidence plaintiff in his proof of loss or examination under oath adopted any statement of anyone which was false without attempting to know or investigate ·the truth of such matters for himself, *and without any grounds for adopting said statement,* he thereby became responsible for such statement as false within the meaning of the policy and you must find for the defendant."

· The instruction as offered did not contain the words in italics.

There was evidence tending to show that the plaintiff, in making his proof of loss and in answering questions under oath, based his estimate of the values of the articles destroyed upon invoices shown him by Hill when he (plaintiff) made his purchase about one month before the property insured was destroyed by fire. There is also evidence tending to show that some articles were excessively valued, and that others never had any existence. The contention of the defendant was and is that the plaintiff had no right to adopt Hill's invoices. or statements which were incorrect without investigating the truth of their contents. The contention of the plaintiff, on the other hand, was and is that he purchased the property only a short time before the fire upon the faith of such invoices; that he considered Hill a man of truth and integrity, and did not scrutinize his statements as carefully as he would have scrutinized those of a stranger; and that even if there were mistakes, which is denied, in his proof of loss or in his answers under oath, such mistakes were not intentionally or recklessly made.

Whether or not the plaintiff, in making his proof of loss or his answers under oath, had reason to believe and did believe the said invoices and statements to be correct, was a question for the jury under all the facts and circumstances of the case. *Va. Fire & Marine Ins. Co.* v. *Hogue,* 105 Va. 355, 54 S. E. 8. The modification made in the instruction was to submit that question to the jury, and while it would have been better to have used the word "reasonable" before the word "grounds," we do not think that under the facts and circumstances disclosed by the record the defendant could have been prejudiced by the language of the court.

The remaining assignment of error to be considered is to the action of the court in refusing to set aside the verdict as contrary to the law and the evidence.

As we have seen, no error of law was made by the court to the prejudice of the defendant in submitting the case to

the jury, and as the evidence was conflicting upon all the material questions involved in the case, we are of opinion, without a detailed discussion of the evidence, that the court did not err in refusing to set aside the verdict of the jury.

The judgment complained of must, therefore, be affirmed.

*Affirmed.*