# Richmond

## National Union Fire Insurance Co. v. Burkholder.

### November 12, 1914.

1. Verdict—*Conclusive on Conflicting Evidence.*—Whether property was wilfully burned by the owner, and whether it was excessively insured, having been fairly submitted to the jury, on conflicting evidence, their verdict finding against the insurance company on both questions is conclusive.

2. Insurance—*Evidence—Value at Time of Trial.*—Evidence of the cost at the time of the trial of such a building as that destroyed is admissible as bearing on its value at the time of the loss.

3. Insurance—*Action for Loss by Fire—Evidence as to Character of Plaintiff's Husband.*—In an action by a wife on a fire insurance policy issued in her name, testimony as to the honesty of her husband is inadmissible. His honesty is not an issue, and is in no way involved in the case. The general rule is that in a civil action the character of neither party thereto, nor of any other person, is involved, and cannot be made the subject of inquiry.

4. Insurance—*Estimates of Property Values—Former Insurance by Others.*—While a witness may give his estimate of the fair cash value of property at the time it was destroyed by fire, it is a matter of no consequence what amount of insurance had been carried thereon for other persons, at other times, and under other conditions, and evidence thereof is not admissible.

5. Insurance—*Breach of Condition of Policy—Notice to Agent.*—Notice of the breach of any condition of an insurance policy given to an agent of the insuranee company who is authorized to contract for risks, receive and collect premiums, and deliver policies, is notice to the company.

6. Insurance—*Ownership of Property—Knowledge of Agent Imputed to Principal—Waiver.*—Where a policy of fire insurance is issued to a wife on a building bought and wholly paid for by her, but the legal title to which stands in the name of her husband, and these facts are well known to the agents of the insurance company who actively solicited the insurance, the knowledge of the agents of the company of the condition of the title at the time policy was issued, is imputed to the company,

and amounts to a waiver on its part of the provision of the policy that the insured must be the sole and unconditional owner of the property at the time the policy is issued. The finding of the jury that said agents had such knowledge is supported by the evidence and is conclusive of that fact.

7. INSURANCE—*Substantial Compliance with Conditions of Policy— Proof of Loss.*—The general rule in this State is that, in an action on a policy of insurance against fire, all that can be required of the plaintiff is a reasonable and substantial compliance with the conditions of the policy. The proof of loss in this case was such compliance, but no proof of loss would have availed as the company promptly informed the insured that the policy was null and void, and would not be paid, because her interest in the property was not truly stated.

Error to a judgment of the Circuit Court of Shenandoah county in an action of assumpsit on a fire insurance policy. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Walton & Walton,* for the plaintiff in error.

*Tavenner & Bauserman* and *F. M. Brumback,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

It appears that the policy here involved was issued by the defendant company on the 20th day of November, 1912, upon a certain building, payable to Emma C. Burkholder, for $800, upon which, in the event of destruction by fire, she was entitled to recover three-fourths of the actual cash value of the building at the time of the fire. The building was destroyed by fire on the 29th day of November, 1912, and after some months of futile effort to secure payment of the amount due under the policy this suit was brought by the beneficiary and a verdict and

judgment obtained for $600, that being the amount claimed by the plaintiff. This judgment we are asked to review.

There was no sufficient ground for sustaining the demurrer to the plaintiff's declaration, and it was, therefore, properly overruled.

We are of opinion that the charge of arson, asserted by the company as one of its grounds of defense, is not supported by the evidence. The question of whether or not the building was wilfully burned was fairly submitted to the jury and their verdict in favor of the plaintiff sets at rest further controversy on the subject.

We are further of opinion that the charge of the defendant that excessive insurance was obtained on the building is not sustained by the evidence. This question was also fairly submitted to the jury and their finding, upon the evidence, closes that controversy.

We are further of opinion that there was no valid objection to the evidence tending to show the cost of a new building of the size and description of that destroyed. The defendant had made the point that the insurance was excessive and had admitted without objection evidence tending to show that the house could be rebuilt for $800, but when the evidence under consideration, showing that it would cost to rebuild it $1,200 or more, was adduced, objection was made to its competency. If the objection had been entitled to any force it should have been made in the beginning and not after the company had obtained by such delayed objection evidence on the subject favorable to it. The evidence tended to show the cash value of the building destroyed at the time of the fire, and was only introduced for that purpose, the court expressly advising the jury that it could only be considered as aid in the ascertainment of such value. Evidence of the cost at the time of the trial of such a building as that destroyed is admissible as

bearing on its value at the time of the loss. 16 Am. & Eng. Ency. Law, p. 964.

We are further of opinion that there was no error in the court's refusal to permit Dr. Miller to testify as to the honesty of J. C. Burkholder, the husband of the plaintiff. His honesty was not an issue, and was in no way involved in the case. The general rule is that in a civil action the character of neither party thereto, nor of any other person, is involved and cannot be made the subject of inquiry. 5 Am. & Eng. Enc. Law, p. 661. The record furnishes no suggestion why this case should be taken from under the operation of the general rule mentioned.

We are further of opinion that there was no error in refusing to permit the witness, Hoover, to testify as to the amount of insurance he carried on this property some time prior to the date of the present contract. The witness was permitted to give his estimate of the fair cash value of the property at the time of the fire, but it was a matter of no consequence what amount of insurance had been carried on the property for other persons, at other times and under other conditions. The evidence wholly failed to support the charge that the property had been fraudulently overvalued for insurance and the jury, under correct instructions, properly so found.

We are further of opinion that the contention that C. W. Wickes was not a representative of the office of Newman, Jobe & Geary is not supported by the evidence. It appears that Newman, Jobe & Geary were insurance agents at Woodstock, Virginia, representing as such agents the defendant and other fire insurance companies. It abundantly appears from the evidence that W. C. Wickes was their associate in the insurance business and their local representative at New Market, Virginia. This is shown by the advertisements of the Woodstock firm and their repeated appeals to the public to insure their

property, in which the people are told to call on C. W. Wickes, their local agent at New Market. That Wickes was the authorized agent and representative of Newman, Jobe & Geary to secure insurance for the companies represented by them is further shown by the conduct and correspondence of the parties and is admitted by Newman, one of the Woodstock firm of agents, who says: "Mr. Wickes was our local agent at New Market and our agreement with him was that he should have two thirds and we one third upon the policies issued." Not only was Wickes held out as the representative of the Woodstock agency, but he and Newman of the Woodstock firm worked together to secure the policy involved in this suit. They visited the property together to ascer·tain its value, and were personally engaged in ascertaining whether there was other insurance on the property and whether the title was in such condition that the policy could be issued. This latter was the subject of considerable correspondence between Wickes and the Woodstock agents, and Newman of that firm was personally engaged in ascertaining when the insurance could be issued. In the light of these facts, it cannot be seriously questioned that C. W. Wickes was the duly authorized local representative or associate in business in New Market of Newman, Jobe & Geary, the general agents of the defendant company at Woodstock.

The jury so found under the following proper instruction: "If the jury believe from the evidence that Newman, Jobe & Geary were the general agents of the defendant, and that C. W. Wickes was their local representative or associate in the insurance business in New Market, and was the person who delivered the policy to the plaintiff and collected the premium and effected the insurance upon her property, then he was the agent of the defendant within the meaning of these instructions."

This instruction is made the subject of attack by the defendant, but it is sufficient to say that the objection is not well taken. It being established that Wickes was the local agent and representative of the defendant at New Market and as such authorized to contract for risks, receive and collect premiums and deliver policies, it follows that notice to him of the breach of any condition of the policy was notice to the company. *Goode* v. *Georgia Home Ins. Co.*, 92 Va. 392, 23 S. E. 744, 30 L. R. A. 842, 53 Am. St. Rep. 817.

We are further of opinion that the policy in this case, under the circumstances shown of record, was not void, as contended, because the legal title to the property was not in the plaintiff at the time the insurance was taken out or at the time of the fire. The evidence tends to show that about the time the insurance was effected the property was sold at a commissioner's sale and bought in by J. C. Burkholder, the husband of the plaintiff, for his wife's benefit, she paying the entire purchase money with her own means. The deed, however, was made to the husband, and this was the state of the title when the defendant issued its policy payable to Mrs. J. C. Burkholder, the plaintiff, she being the real owner. The evidence tends further to show that this condition of the title was well known to C. W. Wickes, the local agent at New Market, and was also known to Newman, of the firm of general agents at Woodstock, or at least could have been readily known as he was engaged in looking after the title to ascertain when the policy could be issued. This insurance was solicited by the agents of the defendant company, and their efforts to secure it were actively pressed until the contract was concluded by the policy sued on. The knowledge of the agents of the defendant of the condition of the title at the time the policy was issued is imputed to the company and amounts to a waiver on its part of the provision of the policy

that the insured must be the sole and unconditional owner of the property at the time the policy is issued. The question of the agents' knowledge of the title at the time of the issuance of the policy was submitted to the jury under clear and liberal instructions on behalf of the defendant, by which they were repeatedly told that in order to find for the plaintiff they must believe from the evidence that the defendant's agent or agents knew that the title was in J. C. Burkholder at the time the policy was issued. The finding of the jury that the defendant's agents did know of the state of the title when the policy was issued is well sustained by the evidence, and such finding is the end of controversy on that subject.

We are further of opinion that the objection made that the proof of loss was not sufficiently complete is without merit.

"The general rule in this State is that, in an action on a policy of insurance against fire, all that can be required of the plaintiff is a reasonable and substantial compliance with the conditions of the policy." *N. British Ins. Co.* v. *Nidiffer,* 112 Va. 591, 72 S. E. 130.

The proof of loss furnished by the plaintiff was a substantial compliance with the requirements. In this case, however, no proof of loss, no matter how complete, would have availed the plaintiff, she having been promptly informed that her policy was null and void, and would not be paid because her interest in the property was not truly stated in the policy; that she was not the unconditional and sole owner by reason of the legal title being at the time of the contract in her husband.

Upon the whole case we are of opinion that there is no error to the prejudice of the defendant company in the judgment complained of, and it must be affirmed.

*Affirmed.*