## CHARLESTON.

R. M. MOSRIE, TRADING ETC. v. THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD, CONN.

(No. 6026)

Submitted February 7, 1928. Decided February 21, 1928.

1.  INSURANCE—*Measure of Damages is Difference Between
    Value of Personal Property Insured Immediately Before
    and After Fire.*

    In an action on a fire insurance policy covering personal
    property, the measure of damages is the difference between
    the value of the property immediately before and immedi-
    ately after the fire.   (p. 231.)
    (Fire Insurance, 26 C. J. § 456.)

2.  SAME—*Under Fire Policy's Provision, Fraud, Attempted
    Fraud, or False Swearing as to Part of Property in Proof
    of Loss Prevents Recovery for Any of Loss.*

    In an action on a fire insurance policy, providing that "In
    case of any fraud, attempted fraud or false swearing by the
    insured touching any matter relating to the insurance or
    the subject thereof, whether before or after the loss," shall
    avoid the entire policy, fraud, attempted fraud or false
    swearing by the insured in respect to part of the property
    included in the proof of loss will preclude recovery for any
    part of the loss.   (p. 231.)
    (Fire Insurance, 28 C. J. § 492.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
    part of syllabi.)

Error to Circuit Court, Mercer County.

Action by notice of motion for judgment by R. M. Mosrie,
trading as the Mercer Auto Sales Company, against the Auto-
mobile Insurance Company of Hartford, Conn., on a fire in-
surance policy.   Judgment for plaintiff, and defendant brings
error.

*Reversed and remanded.*

*French, Easley & Easley,* for plaintiff in error.
*Russell S. Ritz,* for defendant in error.

Litz, Judge:

This is an action by notice of motion for judgment on a fire insurance policy for the alleged total loss of eight automobiles and damage to another.

The policy was issued to the Mercer Auto Sales Company, a partnership, in the sum of $3,500.00, and suit was brought in the name of R. M. Mosrie, trading as Mercer Auto Sales Company, for the sum of $3,000.00. The defendant filed a plea of the general issue, a special plea averring that the partnership of the Mercer Auto Sales Company was composed of the plaintiff, R. M. Mosrie, and his wife, Tillie Mosrie, and the following specifications of defense: The defendant says that the plaintiff cannot maintain its action against it, for the reason that the plaintiff has failed to perform and comply with certain clauses, conditions and warranties contained in and annexed to the policy of insurance sued on as hereinafter more specifically set forth; and also for the reason that the plaintiff has violated certain clauses, conditions and warranties contained in the said policy sued on as hereinafter more specifically set forth: '2. In the event of loss or damage occasioned by a peril insured against herein the Assured shall protect the property from further loss or damage and any such further loss or damage occurring directly or indirectly from a failure to protect shall not be recoverable under this policy. Any such act of the Assured or this Company or its agents in recovering, saving and preserving the property described herein, shall be considered as done for the benefit of all concerned and without prejudice to the rights of either party, and all reasonable expenses thus incurred shall constitute a claim under this policy; provided however that this Company shall not be responsible for the payment of a reward offered for the recovery of the insured property unless authorized by the Company. 3. This entire policy shall be void if the Assured has concealed or misrepresented any material facts or circumstances concerning this insurance, or the subject thereof; or in case of any fraud, attempted fraud ·or false swearing by the Assured touching any matter relating to this insurance or the subject thereof, whether before

or after loss.' That the Lexington Touring Car, 1923 Model, Serial No. 38583, Motor No. 62248, and Oldsmobile Touring Car, 1923 Model, Serial No. AT-12230, Motor No. MD-353506, and a Maxwell Touring Car, 1923 Model, Serial No. 44310, were and still are situate in the remains of the building which was used by the plaintiff as a garage; that the plaintiff has taken no action to protect the salvage thereon, and that spare tires, tires, *hear* lights, batteries and other accessories have been stolen and removed by various parties; that the Nash Sedan, 1926 Model, Serial No. 31612, Motor No. 30860 was allowed to remain in the remains of the building, which was occupied by the plaintiff as a garage until on or about April 15th, 1926, when the same was removed; that by reason of the said car setting out under all conditions of the weather it was seriously damaged thereby; that the defendant denies any loss to any of the four cars above named by reason of the failure of the plaintiff to protect the salvage as provided by the policy. That the plaintiff in this suit is attempting to prove a loss on a certain Ford Touring Car, 1924 Model, Serial No. West Virginia 240; that this Ford Touring Car was not in the fire and has never been produced for the inspection of the defendant or its Agent and that by reason of the plaintiff attempting to prove a loss on a car that has never been burned, that this entire policy is void.''

To the judgment on a verdict in favor of the plaintiff for $3,000.00, the defendant prosecutes error.

Besides the overruling of the motion of the defendant to set aside the verdict as contrary to the law and evidence, the grounds of error are: (1) The rejection of the testimony of certain witnesses offered by the defendant to prove admissions by the plaintiff that he and his wife, Tillie Mosrie, composed the partnership of the Mercer Auto Sales Company; (2) The rejection of the testimony of W. R. Keesee offered by the defendant to establish the value of the automobiles injured in the fire; (3) The refusal of an instruction offered by the defendant submitting to the jury the issue of whether Tillie Mosrie was a member of the partnership; (4) The refusal of the court to direct a view of the premises where the fire oc-

curred for the purpose of determining whether or not the Ford automobile included in the proof of loss actually existed; (5) The refusal of instructions Nos. 1 and 2 offered on behalf of the defendant; and (6) the granting of an instruction on behalf of the plaintiff.

W. A. Hein, an adjuster for the defendant, obtained from the plaintiff immediately after the fire the following written claim of loss:

"ACCIDENT AND LIABILITY DEPARTMENT
AETNA LIFE INSURANCE COMPANY
THE AETNA CASUALTY AND SURETY COMPANY
AUTOMOBILE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT
MORGAN B. BRAINARD, President

J. H. Wright,
Law & Commerce Bldg.                    Bluefield, W. Va.

This is to certify that I, Richard M. Mosrie of Princeton, West Virginia, am the part owner of Mercer Auto Sales Company located at Bluefield, West Virginia, and in behalf of said Mercer Auto Sales Company I do herein make claim under policy A-1270232 of The Automobile Insurance Company of Hartford, Connecticut, for the loss of or damage to the following list of automobiles which were damaged or destroyed by fire while stored in the garage building of Princeton Motor Company at Princeton, West Virginia, on or about the 15th day of November, 1926.

| | |
|---|---:|
| 1 Oldsmobile 6 Touring, Model 1919 No. 12250, No. MD. 35350 | $ 295.00 |
| 1 Jordan Sport Touring Model 1923, No. 35934, No. 10082 | 375.00 |
| 1 Studebaker Spec. 6 Trg. 1923, No.................., No. ................. | 350.00 |
| 1 Studebaker Light 6 Trg. 1923 No. E-129109, No. ................. | 350.00 |
| 1 Maxwell Trg. 1923 No. 44310, No................ | 195.00 |

$1,565.00

"I do hereby certify that the above described automobiles were the property of Mercer Auto Sales Company and that there were no other automobiles belonging to the said Mercer Auto Sales Company in the garage building or on the premises of the said Princeton Motor Company at the time of said loss.

"Witness my hand and seal at Bluefield, West Virginia, this the 23rd day of November, 1926.

MERCER AUTO SALES COMPANY, (Seal)
By R. M. MOSRIE, Mgr.

"Subscribed and sworn to before me a Notary Public in and for Mercer County, State of West Virginia, this the 23rd day of November, 1926.

"My commission expires on the 24th day of December, 1934.

J. E. WAGNER, JR.

"One Nash Sedan No. 31612, No. 30860 to be included in the above list pending completion of further investigation and advice of Automobile Insurance Company of Hartford, Conn."

The items of the final proof of loss filed by the plaintiff follows:

| Trade Name | Type | Year Mod. | No. Cyls. | Serial Number | Motor Number | Value |
|---|---|---|---|---|---|---|
| Oldsmobile | Tour | 1923 | 6 | .AT12230 | MD-353506 | $  395.00 |
| Maxwell | Tour | 1923 | 4 | 44310 | | 310.00 |
| Nash | Tour | 1924 | 4 | 48443 | 39171 (Equity) | 84.00 |
| Lexington | Tour | 1923 | 6 | 38583 | 62248 | 485.00 |
| Jordan | Tour | 1923 | 6 | 35934 | 10082 | 435.00 |
| Ford | Tour | 1924 | 4 | W.Va.240 | W.Va.240 | 150.00 |
| Studebaker | Tour | 1923 | Lt.6 | E-129109 | | 350.00 |
| Nash | Sedan | 1926 | Lt.6 | 31612 | 30860 | 1,050.00 |
| Studebaker | Tour | 1923 | Sp.6 | | | 395.00 |

Total Value ........................................................................... $3,654.00

The plaintiff testified he did not know the extent of the loss at the time of signing the first statement, and that it was executed with that understanding between himself and the adjuster. As to whether the final proof of loss was accurate,

the issue was confined almost, if not entirely, to the Ford automobile. Hein testified that although he was on the premises soon after the fire and several times later, he was never able to find it either through his own or the efforts of the plaintiff.

The alleged improper rulings of the court in excluding evidence of admissions by the plaintiff that his wife was a member of the partnership can not be considered for the reason that they were neither specified in the grounds for a new trial nor incorporated in special bill of exceptions. The evidence of the witness W. R. Keesee was properly refused for the reason that he knew nothing of the value of the automobiles at the time of the fire, and in his answer to the question propounded would not even hazard a guess.

As there was no evidence before the jury tending to establish the plea of non-joinder, the instruction submitting this issue to the jury was properly refused.

Instruction No. 1 offered by the defendant, fixing the measure of damage as the difference between the value of the cars immediately preceding and immediately after the fire, was improperly refused. There was no other instruction to enlighten the jury upon this pertinent rule of law.

Instruction No. 2 offered by the defendant would have told the jury that if the plaintiff by including the Ford automobile in his proof of loss, was guilty of fraud, attempted fraud or false swearing, then they should find for the defendant. Treating the evidence as sufficient to submit to the jury the issue of fraud or false swearing by the plaintiff, the court gave defendant's instruction No. 3, telling the jury that if the plaintiff, by including the Ford car in his proof of loss, was guilty of fraud, attempted fraud or false swearing, then they should not find any damage in respect to it. Defendant's instruction No. 2 should have been given. A false and fraudulent claim in respect to one of the cars precludes the right of recovery as to the others. *Riley* v. *Aetna Insurance Company*, 80 W. Va. 236.

The judgment of the circuit court is reversed, the verdict set aside, and a new trial awarded the defendant.

*Reversed and remanded.*