JOHN MAZZELLA *v.* HANOVER FIRE INSURANCE COMPANY

(No. 7658)

Submitted March 7, 1934.   Decided March 20, 1934.
(Rehearing Denied June 11, 1934)

*P. J. McGuire,* for plaintiff in error.
*Steptoe & Johnson, Ramsay & Wilkin,* and *James M. Guiher,* for defendant in error.

KENNA, JUDGE:

John Mazzella brought an action in assumpsit in the Circuit Court of Brooke County on a fire insurance policy insuring his household goods, issued to him by the defendant, Hanover Fire Insurance Company, in the sum of $2,000.00. From a judgment based upon a directed verdict for the defendant, Mazzella prosecutes this writ of error.

The principal defense in the trial court was that Mazzella, by false swearing in his proof of loss, had forfeited the benefit of the policy in accordance with its terms.   The fire occurred at Follansbee in the early morning of August 19, 1930, and was plainly of incendiary origin.   Someone had gained access to the Mazzella dwelling without breaking and had placed two tubs, one in the living room and one in the dining room, had filled them with some inflammable liquid and connected them with a fuse running through the kitchen to the back of

the house. In addition, bed clothing was saturated with some inflammable material and ignited in two up-stairs bed-rooms. The fire was promptly discovered and extinguished without destroying the evidence of incendiarism. Mazzella had left Follansbee on the 17th of August and gone to visit a sister in Richwood, for the first time in several years. The proof does not connect Mazzella with the origin of the fire in a manner sufficient to serve the defendant beyond furnishing a strong background for the charge of false swearing.

In his proof of loss, Mazzella listed every article of his household furniture and furnishings as being completely lost and admittedly claimed their value at their full cost new in the total of $3118.00, and explicitly claimed that his actual loss was $3,000.00 as a result of the fire. The reason for the discrepancy of $118.00 does not appear. In the account filed with his declaration, he claimed as his entire loss the sum of $1368.50. Later, Mazzella filed an amended account with his declaration, claiming that his actual loss was the sum total set forth in the proof of loss. Without recounting the tedious details that would be necessary to demonstrate that the claim of Mazzella as to the condition of the articles claimed to be destroyed and their value could not have been tendered by him in good faith, we deem it sufficient to say that in our opinion there is no escape from the conviction that the proof at the trial shows plainly that Mazzella was guilty of intentionally swearing to a grossly excessive estimate of his loss in filing his proof with the company. At the time that this proof of loss was filed, Mazzella had caused to be made two separate listings of the articles in the house at the time of the fire according to their replacement prices. These listings were both under fifty per cent of the total loss claimed by Mazzella. He had them before him at the time he filed his proof of loss. True, these listings did not include a piano, a radio and a sewing machine. As to the piano, Mazzella listed it in his proof of loss at $750.00. The proof showed that when it had been acquired by him two or three years before the trial, its estimated value did not exceed $500.00. As to the radio, the evidence casts considerable doubt upon its ownership by Mazzella in addition to failing to show that it was by any means a total loss. Adding these omitted articles to the listings

Mazzella caused to be made, could not on any conceivable theory bring the amount of those listings up to the amount claimed by Mazzella as his loss. But conceding everything that he might claim in this respect, the assertion of total loss of every article in the house and value based on replacement new, both plainly set forth and sworn to in the proof of loss, cannot be defended on any theory.

It is argued that since the policy was for $2,000.00 only, Mazzella's proof of loss was not fraudulent because it could legitimately be brought to the figure of $2,000.00. This reasoning will not do. The excessive figure was obviously intended for its effect in recovering the amount of the policy, first by negotiation with the company, and, failing in that, by jury trial.

We cannot avoid the conclusion that this claim was intentionally excessive and that as such it voids the policy. *Riley* v. *Insurance Co.*, 80 W. Va. 236, 92 S. E. 417.

Realizing the caution required of trial judges in taking cases from juries and directing verdicts, and viewing this proof, as we must, most favorably to the plaintiff, we yet cannot see but that the trial judge was plainly right in his conclusion, and, therefore, are of opinion that the judgment of the circuit court of Brooke County must be affirmed.

*Affirmed.*