**DELTA LUMBER & BOX CO. v. LOBAUGH et al.**

**Civil Action No. 4928.**

District Court, N. D. California, N. D.

Jan. 25, 1946.

Thomas O'Hara, of Sacramento, Cal., for plaintiff.

E. M. Taylor, of San Francisco, Cal., for defendant Insurance Co.

WELSH, District Judge.

Plaintiff, Delta Lumber and Box Company, sued defendant, National Liberty Insurance Company of America, on an insurance policy issued on or about the 19th day of September, 1942, wherein and whereby said defendant insured said plaintiff against loss by fire to lumber while in the dry yard of plaintiff in the vicinity of Paradise, Butte County, California. Plaintiff alleges in its complaint that it lost lumber in said dry yard of the reasonable value of $8,693.88, on or about the 30th day of December of said year.

Defendant set up defenses in its answer including (1) that plaintiff failed to maintain a required space of 200 feet between the property described in said policy and wood-working and manufacturing establishments there located; and (2) that shortly after said fire, without notice, plaintiff removed both damaged and undamaged lumber from said dry yard, by reason whereof defendant's right to appraisal of the amount of the loss and damage as provided by said policy was defeated and foreclosed.

Said policy contains the following endorsement:

"5. Clear Space Warranty:

"Warranted by the insured that a continuous clear space of 200 feet shall hereafter be maintained between all and/or any property insured under this policy, and any dry kiln, woodworking or manufacturing establishment, slab pit or refuse burner, and that such clear space shall not be used for the handling or piling of lumber or other merchandise therein for any purpose, it being the intention of the parties that such clear space shall establish the yard limits.

"It is further understood and agreed by the Assured that any violation of this warranty shall wholly suspend the insurance under the item or items above referred to in this warranty during the period such violation shall continue."

Said policy sets forth certain conditions among which were paragraphs 12 and 13 providing that the company should not be liable beyond the value of the merchandise insured, the amount of loss or damage to be ascertained or estimated according to such value, such ascertainment or estimate to be made by the assured and the company, or if they differed then by appraisers, the assured and the company each selecting one, and the two so chosen selecting a third.

This Court is convinced that plaintiff breached both the warranty and the condition above mentioned, and that defendant's defenses based thereon were established. Such conviction came from the evidence introduced at the trial, and also from viewing the premises.

Certain conflicts in the evidence became apparent during the trial. The testimony of the witnesses on behalf of the defendant was, however, more persuasive. The impressions made by the witnesses in the court room were confirmed by the personal inspection made at the scene of the fire within approximately two weeks after the trial. The relative weight of the conflicting testimony was readily determined after physical observations made by the Court. These impressions have subsequently been confirmed by analysis of the transcript and further study of the exhibits.

Plaintiff's breach of the warranty relative to maintaining a "clear space" brought it within the purview of such cases as McKenzie v. Scottish Union & National

Ins. Co., 112 Cal. 548, 44 P. 922, 924, wherein the Supreme Court of California said that by a warranty the insured stipulates for the strict compliance with a promised line of conduct, upon penalty of forfeiture of a right to recover in case the course of conduct promised be unfulfilled. It quoted May on Insurance: "The only question is, has the warranty been kept? There is no room for construction, no latitude, no equity."

Said Supreme Court has also expressed the view: "A non-compliance with a warranty is an express breach of the contract." Wheaton v. North British & M. Ins. Co., 76 Cal. 415, 424, 18 P. 758, 762, 9 Am. St.Rep. 216.

The District Court of Appeals of said State has said: "The insurance company is entitled to a substantial compliance on the part of the insured with the terms of the contract." Brickell v. Atlas Assur. Co., 10 Cal.App. 17, 101 P. 16, 20.

The plaintiff's breach of this warranty so material to the risk was, therefore, sufficient to suspend the insurance and relieve defendant of liability under the policy at the time the fire occurred.

Violation of the condition of the policy relative to ascertainment or appraisal of the amount of the loss also would prevent holding the defendant liable. Conditions in policies of insurance are part of the consideration for assuming the risk, and the insured by accepting the policy became bound by the conditions precedent to recovery therein expressed (Niagara Fire Ins. Co. v. Pospisil, 8 Cir., 52 F.2d 709, 79 A.L.R. 404), and there can be no recovery where an insured has violated or failed to perform its conditions (Blackman v. United States Casualty Co., 117 Tenn. 578, 103 S.W. 784, 786), as a reasonable and substantial compliance is required. North British & Mercantile Ins. Co. v. Nidiffer, 112 Va. 591, 72 S.E. 130, 131, Ann.Cas. 1916A, 464.

Hence, plaintiff's failure to comply with this condition which would have enabled defendant to ascertain the exact amount of the loss, gave defendant a further defense to the action on the policy.

There is ample evidence, too, that plaintiff otherwise breached the insurance contract, but the foregoing is sufficient to determine plaintiff's failure to prove any right to recovery.

Defendant Insurance Company will have judgment for costs, upon findings.

Defendant K. L. Lobaugh was shown by the testimony to be the agent who solicited the policy. He was evidently made a defendant for the purpose of endeavoring to have the action tried in the Superior Court of the State of California, in and for the County of San Joaquin, but he was not a proper party in this action on the insurance contract. It is ordered that the action be dismissed as to him.